UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: GRAND JURY SUBPOENA | Case No. 3:22MJ229 (SDV)

March 3, 2022

## APPLICATION FOR ORDERS NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENA

The United States respectfully submits this application, pursuant to 18 U.S.C. § 2705(b), for orders providing that the provider identified below ("Provider") may not notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the grand jury subpoena(s) identified below ("Subpoena") **until January 31, 2023, absent further order from the Court**:

| Provider | Subpoena |
|---|---|
| Microsoft Corp. | B-21-1-4 (15) |

The Provider identified above is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). The subpoena requires the corresponding Provider to disclose certain records and information to the United States pursuant to 18 U.S.C. § 2703(c)(2).

Because the government is not required to provide notice of the subpoena, *see* 18 U.S.C. §2703(c)(3), the government may apply for an order under 18 U.S.C. § 2705(b) "commanding a provider of electronic communications service or remote computing service . . . , for such period as the court deems appropriate, not to notify any other person of the existence" thereof. The order shall issue if the Court "determines that there is reason to believe that notification of the existence" of the subpoena would result in one of several enumerated harms, including "flight from prosecution; destruction of or tampering with evidence; . . . or otherwise seriously jeopardizing an investigation."

In this case, a non-disclosure order is appropriate because the subpoena relates to an ongoing investigation concerning false statements on a naturalization application in violation of, *inter alia,* 18 U.S.C.

§ 1015, which is neither public nor known to all of the subjects of the investigation. Accordingly, disclosure of the subpoena(s) would likely alert the subjects of the investigation to the existence of the investigation.

Given the nature of this investigation, some of the evidence likely exists in electronic form. If alerted to the existence of the investigation, the subjects of the investigation could easily destroy or tamper with that evidence, whether stored by a third-party service provider or on personal computers, mobile phones, or other electronic devices. Accordingly, there is reason to believe that notification of the existence of the subpoena will seriously jeopardize the investigation, including by giving subjects of the investigation an opportunity to flee, destroy or tamper with evidence, and change patterns of behavior.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order(s) directing the Provider not to disclose the existence or contents of the subpoena(s) **until January 31, 2023, absent further order from the Court**, except that the Provider may disclose the subpoena to an attorney for the purpose of receiving legal advice.

Respectfully submitted,

LEONARD C. BOYLE
ACTING UNITED STATES ATTORNEY

  /s/
PATRICK J. DOHERTY
ASSISTANT U.S. ATTORNEY
Federal Bar No. PHV10400
1000 Lafayette Blvd., 10th Fl.
Bridgeport, CT 06604

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: GRAND JURY SUBPOENA         Case No. 3:22MJ229    (SDV)

NONDISCLOSURE ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding that the provider identified below ("Provider"), being an electronic communication service provider and/or a remote computing service, may not notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the grand jury subpoena identified below ("Subpoena") **until January 31, 2023, absent further order from the Court**:

| Provider | Subpoena |
| --- | --- |
| Microsoft Corp. | B-21-1-4 (15) |

The Court determines that there is reason to believe that notification of the existence of the Subpoena, which have not been reviewed by the Court, will seriously jeopardize the investigation, including by giving subjects of the investigation an opportunity to flee prosecution, destroy or tamper with evidence, and change patterns of behavior. *See* 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that the Provider shall not disclose the existence of the Subpoena until **January 31, 2023**, or until further order of the Court, to the listed subscriber or to any other person, unless and until otherwise authorized to do so by the Court, except that the Provider may disclose the Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

Any motions to extend the deadlines in this order shall be filed by January 25, 2023.

It is SO ORDERED this 3rd day of March 2022 at Bridgeport, Connecticut.

_____
HONORABLE S. DAVE VATTI
USMJ